[Crim. No. 1297.  First Appellate District, Division Two.—February 26, 1926.]

## THE PEOPLE, Respondent, v. MERRIE CUNNINGHAM, Appellant.

[1] CRIMINAL LAW—MURDER—EVIDENCE—MENTAL CAPACITY OF DEFENDANT—INSTRUCTIONS.—In this prosecution for murder, the evidence having shown a clear case of murder frankly and freely admitted by defendant, and there not having been at any stage of the trial any plea or any suggestion of insanity or mental incapacity of either a temporary or of a permanent nature, and the jury having been fully and fairly instructed on all the material issues of the case, the trial court did not err in refusing defendant's requested instructions to the effect that she was entitled to an acquittal if the jury should find that at the time of the commission of the act she had been laboring under any defect of reason, temporary or otherwise, or was without sufficient capacity to distinguish between right and wrong, or was moved by an irresistible impulse, and that the law excepts from responsibility for crime insane persons and "incapables."

---

(1) 16 C. J., p. 973, n. 94, p. 1063, n. 85; 30 C. J., p. 336, n. 70, p. 337, n. 87.

1. See 13 Cal. Jur. 666.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph L. Fainer for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried upon an information charging her with the murder of Robert Smith. She was convicted of second degree murder and has appealed from the judgment of conviction and from the order denying her motion for a new trial.

[1] The sole ground raised on the appeal is that the trial judge erred in refusing to give five different instructions requested by the appellant touching the subject of mental incapacity. In these proposed instructions the trial judge was asked to advise the jury that the appellant was entitled to an acquittal if they should find that at the time of the commission of the act she had been laboring under any defect of reason, temporary or otherwise, or was without sufficient capacity to distinguish between right and wrong or was moved by an irresistible impulse and that the law of the state excepted from responsibility for crime insane persons and "incapables." Though these instructions were refused, the trial judge did instruct the jury fully on the subject of the necessity of a finding of the existence of a criminal intent, a sound mind, and discretion on the part of the accused. This was followed by instructions covering the presumptions of law regarding the existence of criminal intent and the presumptions covering sanity and insanity. All this was followed by an instruction reading: "A person is not guilty of any crime, if at the time of the commission of the act charged such person is not conscious of its commission, or if the person committed the act or made the omission charged through misfortune or by accident, where it appears that there was no evil design, intention or culpable negligence."

From an examination of the entire record we are satisfied that the jury was fully and fairly instructed on all the ma-

terial issues of the case and that there was no error in the refusal to give any one of the five proposed instructions heretofore mentioned.    The case was a clear case of murder frankly and freely admitted by the appellant.    She and the deceased had been living together as husband and wife for a period of about two months, when the deceased informed her that he intended to leave her and go back to an old sweetheart in Oregon.    This statement was made to her at about 2 o'clock in the morning while they were in bed together and was followed by some pleading on the part of the appellant and stout resistance on the part of the deceased.    The deceased went to sleep and about two hours later the appellant, having remained awake and brooded upon the approaching separation, arose from bed, went to a dresser that stood in the room and procured a revolver and, returning to the bed, shot the deceased in the back while he slept.    The revolver was discharged four times, two bullets striking the deceased, one shattering a mirror hung over the dresser, and another striking the wall of the bedroom.    The appellant immediately confessed her part in the shooting and gave as the only reason therefor the threat of the deceased to leave her on the following day.   There was not at any stage of the trial any plea or any suggestion of insanity or mental incapacity of either a temporary or of a permanent nature.    In this view of the record the evidence did not call for or justify the giving of the instructions which the appellant proposed.

Judgment and order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.